UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT SMITH, on behalf of himself and others similarly situated, | * * * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:23-cv-10575-IT |
| | * | |
| ZOLL MEDICAL CORPORATION, | * * | |
| Defendant. | * | |

MEMORANDUM & ORDER

January 25, 2024

Pending before the court are three competing motions to appoint interim class counsel. The court finds value in each of the proposals, but appoints Jean S. Martin as Interim Lead Class Counsel and Jason M. Leviton as Interim Liaison Counsel for the reasons set forth below.

I.     Background

Plaintiffs in fifteen putative class actions[1] filed an unopposed motion to consolidate, stating that the actions all arise "out of the same operative facts—namely the same cybersecurity incident, which Plaintiffs allege allowed a third-party's unauthorized access to an internal computer network housing sensitive data maintained by ZOLL." Pls.' Unopposed Motion to Consolidate Cases ("Pls.' Mot. to Consolidate") 3 [Doc. No. 19]. Plaintiffs also asked the court

---

[1] Smith v. ZOLL Medical Corporation, No. 1:23-cv-10575; Priddy v. ZOLL Medical Corporation, No. 1:23-cv-10588; McGilberry v. ZOLL Medical Corporation, No. 1:23-cv-10597; Jemison v. ZOLL Medical Corporation, No. 1:23-cv-10598; Pettaway v. ZOLL Medical Corporation, No. 1:23-cv-10605; Gerth v. ZOLL Medical Corporation, No. 1:23-cv-10616; Calvert v. ZOLL Medical Corporation, No. 1:23-cv-10620; Lennon v. ZOLL Medical Corporation, No. 1:23-cv-10640; Jury v. ZOLL Medical Corporation, No. 1:23-cv-10657; Becker v. ZOLL Medical Corporation, No. 1:23-cv-10653; Bendriss v. ZOLL Medical Corporation, No. 1:23-cv-10660; Prosky v. ZOLL Medical Corporation, No. 1:23-cv-10675; Brown v. ZOLL Medical Corporation, No. 1:23-cv-10702; Pacholczak v. ZOLL Medical Corporation, No. 1:23-cv-10755; McMahon v. ZOLL Medical Corporation, No. 1:23-cv-10784.

to set a deadline for applications for appointment of interim class counsel pursuant to Federal Rule of Civil Procedure 23(g) and the filing of a consolidated complaint following appointment. Id. The court granted the motion, Order Granting Pls.' Unopposed Mot. to Consolidate Cases ("Order Granting Pls.' Mot. To Consolidate") [Doc. No. 21], and the three pending applications for appointment of interim class counsel were timely filed.

Plaintiffs Robert Smith, John Priddy, Randy McGilberry, Timothy C. Jemison, Quinyotta N. Pettaway, Nathanial Gerth, Gerald Lennon, Gary Becker, Cathy Jury, Amine M. Bendriss, Ron Prosky, David Pacholczak, and Barbara Brown (collectively, the "Smith Plaintiffs") seek appointment of Jean S. Martin and Terence R. Coates as Interim Lead Counsel and Jason M. Leviton as Interim Liaison Counsel. Smith Pls.' Mot. to Appoint Interim Class Counsel ("Smith Pls.' Mot.") [Doc. No. 24]. Plaintiff Jamie Calvert seeks appointment of Ben Barnow as Interim Lead Counsel and David Pastor as Interim Liaison Counsel. Pl. Calvert's Mot. to Appoint Interim Class Counsel ("Calvert's Mot.") [Doc. No. 25]. Plaintiff Patricia McMahon seeks appointment of James Pizzirusso and Amy Keller as Interim Lead Counsel and Edward F. Haber as Interim Liaison Counsel. Pl. McMahon's Mot. to Appoint Interim Co-Lead Counsel ("McMahon's Mot.") [Doc. No. 26].

## II.      Standard

Prior to determining whether to certify an action as a class action, the court "may designate interim counsel to act on behalf of a putative class[.]" Fed. R. Civ. P. 23(g)(3). Rule 23(g)(3) identifies no particular requirements for interim designation, but elsewhere Rule 23 lists four factors courts must consider when finally approving class counsel at the time of class certification:

> (i) the work counsel has done in identifying or investigating potential claims in the action;

>    (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
>    (iii) counsel's knowledge of the applicable law; and
>
>    (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).

Additionally, the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]" Fed. R. Civ. P. 23(g)(1)(B).

> [T]he primary responsibility of class counsel, resulting from appointment as class counsel, is to represent the best interests of the class. The rule thus establishes the obligation of class counsel, an obligation that may be different from the customary obligations of counsel to individual clients. Appointment as class counsel means that the primary obligation of counsel is to the class rather than to any individual members of it.

Id. advisory committee's notes to 2003 amendment. "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

If a class includes subclasses with divergent interests, each subclass should be treated as a class, Fed. R. Civ. P. 23(c)(4) advisory committee's notes to 1966 amendment, and "[c]lass counsel must be appointed for all classes, including each subclass that the court certifies to represent divergent interests[,]" Fed. R. Civ. P. 23(g)(1)(A) advisory committee's notes to 2003 amendment. The Manual for Complex Litigation ("MCL") suggests other relevant considerations in selecting the applicant best able to represent the interests of the class include "involvement in parallel cases in other courts; [] any existing attorney-client relationship with a named party; and [] fee and expense arrangements that may accompany the proposed appointment." Manual for Complex Litigation (Fourth) § 21.271 (2004).

Additional factors suggested for consideration in multidistrict or other complex cases include "qualifications, functions, organization, and compensation of designated counsel";

3

"whether there has been full disclosure of all agreements and understandings among counsel"; "would-be designated attorneys' competence for assignments"; "whether there are clear and satisfactory guidelines for compensation and reimbursement, and whether the arrangements for coordination among counsel are fair, reasonable, and efficient"; "whether designated counsel fairly represent the various interests in the litigation"; "the attorneys' resources, commitment, and qualifications to accomplish the assigned tasks"; and "the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court[.]" Id. § 10.224. The MCL suggests further that the court seeks to ensure that counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." Id. § 10.22; id. § 10.221 (the most important goal as to the organizational structure is "achieving efficiency and economy without jeopardizing fairness to the parties").

**III.     Discussion**

    A.     *Overview of the Consolidated Action*

In considering the appointment of interim class counsel, the court starts with the procedural posture of the litigation. Although fifteen separate actions were filed, Plaintiffs have committed to filing a single, consolidated complaint, Pls.' Mot. to Consolidate [Doc. No. 19], and the court has endorsed this approach, Order Granting Pls.' Mot. To Consolidate [Doc. No. 21].

Turning to the potential size and complexity of the action, Plaintiffs allege that ZOLL failed to adhere to adequate data security practices allowing a malicious third party to gain unauthorized access to the internal computer network housing sensitive data maintained by ZOLL, including the personal identifying information ("PII") and protected health information

("PHI") of over one million putative class members. Mem. ISO Plaintiffs' Unopposed Motion to Consolidate 3 [Doc. No. 20]. Plaintiffs seek to represent a nationwide class. See, e.g., Class Action Complaint [Doc. No. 1] (proposing a class of "[a]ll persons residing in the United States whose PII or PHI was impacted by the Data Exposure—including all persons that Defendant sent a notice of the Data Exposure to").

With this background, the court turns to the relevant factors.

B.     *Mandatory Factors*

   1. The Work Counsel Have Done in Identifying or Investigating Potential Claims in the Action

The Smith Plaintiffs' motion states that "immediately after the public announcement of the data breach[,]" their proposed interim class counsel (Jean S. Martin, Terence R. Coates, and Jason M. Leviton) "began investigating potential legal claims and remedies for the victims of the breach," including "[i]nvestigating the facts surrounding the data breach;" "[i]nterviewing numerous consumers injured by the data breach;" "[r]esearching legal claims;" "[d]rafting initial pleadings . . . ;" and "[i]nvestigating experts in the area of data security and damages[.]" Smith Pls.' Mot. 7 [Doc. No. 24]. Attorney Martin states further that she and members of her firm "have already commenced substantive development of Plaintiffs' claims and investigation of the factual circumstances surrounding the data breach." Decl. of Jean S. Martin ISO Coordinated Pls.' Mot. to Appoint Interim Class Counsel ("Martin Decl.) ¶ 16 [Doc. No. 24-1].  Attorney Martin is counsel of record on the Complaint filed in Smith v. ZOLL Medical Corporation, No. 1:23-cv-10575, on March 15, 2023, and on the Complaint filed in Jury v. ZOLL Medical Corporation, No. 1:23-cv-10657, on March 27, 2023. Attorney Coates is counsel of record on the Complaint filed in Priddy v. ZOLL Medical Corporation, No. 1:23-cv-10588, on March 16, 2023. And Attorney Leviton is counsel of record on the Complaint filed in Gerth v. ZOLL

5

Medical Corporation, No. 1:23-cv-10616, on March 21, 2023, Brown v. ZOLL Medical Corporation, No. 1:23-cv-10702, on March 31, 2023, and Pacholczak v. ZOLL Medical Corporation, No. 1:23-cv-10755, on April 10, 2023.

Plaintiff Jamie Calvert's Proposed Lead Counsel Ben Barnow states in his declaration that he and other attorneys at his firm "have dedicated time and resources to this litigation, including investigating the relevant law, the background facts of the data breach, and [ZOLL] …." Decl. of Ben Barnow ISO Application to Appoint Ben Barnow as Interim Lead Counsel and David Pastor as Interim Liaison Counsel ("Barnow Decl.") ¶ 14 [Doc. No. 25-1]. Barnow and Proposed Interim Liaison Counsel David Pastor are counsel of record on the Complaint filed in Calvert v. ZOLL Medical Corporation, No. 1:23-cv-10620, on March 22, 2023.

Plaintiff Patricia McMahon's motion states that her proposed Interim Lead Class Counsel "independently conducted their own thorough investigation of the data breach[.]" McMahon's Mot. 3 [Doc. No. 26]. McMahon's Motion provides no further details on the investigation. Proposed Interim Lead Counsel James Pizzirusso and Proposed Interim Liaison Counsel Edward F. Haber are counsel of record on the Complaint filed in Patricia McMahon v. ZOLL Medical Corporation, No. 1:23-cv-10784. Proposed Interim Lead Counsel Amy Keller does not appear to have been counsel of record prior to the filing of the motion for appointment.

In sum, other than Attorney Keller, all counsel reportedly performed work investigating or identifying potential claims in the action, but none has provided details regarding any substantial work performed. Attorney Martin and Attorney Leviton are counsel of record on two and three complaints, however, representing the investigation of facts relating to five different plaintiffs, while the remaining proposed interim counsel are counsel of record on the complaints

6

filed by a single Plaintiff each. Accordingly, this factor weighs slightly in favor of the appointment of Martin and Leviton.

    2. Counsel's Experience and Knowledge

All of the proposed interim class counsel have extensive experience in handling class actions and other complex litigation. All of the proposed lead or co-lead class counsel also have extensive experience in handling data breach class actions and knowledge of the applicable law. The court finds this factor supports all of the applications and weighs in favor of the court's strong recommendation that whoever is appointed interim lead counsel should utilize the remaining proposed interim class counsel to "perform non-duplicative work consistent with their expertise and talents[,]" as suggested in McMahon's Mot. [Doc. No. 26] at 12.

    3. Committed Resources

Attorney Martin states that her law firm, Morgan & Morgan "is among the largest, if not the largest, exclusively Plaintiff's law firms in the United States, employing over 800 lawyers and 2,000 support staff serving consumers across the country." Martin Decl. ¶ 3 [Doc. No. 24-1]. Attorney Martin states further that she and her law firm "are fully and unequivocally committed to this action and the time-consuming task of prosecuting this litigation to conclusion, and even to trial." Id. ¶ 20. The three attached firm resumes for the Smith Plaintiffs' proposed Interim Class Counsel are offered in support of the assertion that they "have the resources to see this litigation through to its conclusion, including trial." Smith Pls.' Mot. 14 [Doc. No. 24], Ex. A-C [Doc. No. 24-2, 24-3, 24-4]. As to committed resources, the motion states that the proposed interim Class Counsel "are . . . expected to pay assessments when necessary to ensure that adequate funds are available to prosecute this litigation[,]" Smith Pls.' Mot. 14 [Doc. No. 24], and that while they "have not made any agreements with each other with respect to funding, cost-sharing, pooling clients, fees, or any other matter[,]" "[e]ach will be required to make

7

contributions to fund the litigation, and they will not accept any third-party litigation funding to do so[,]" id. at 17.

Calvert's motion states that proposed interim lead counsel Barnow and his firm "have at their disposal the resources and manpower required to vigorously prosecute this litigation, as they have shown in many other class action lawsuits." Calvert's Mot. 6 [Doc. No. 25]. Attorney Barnow states further that he and his firm "are prepared to spend all the necessary time and resources to ensure the best representation for plaintiffs and the putative class." Barnow Decl. ¶ 15 [Doc. No. 25-1]. Attorney Barnow's declaration and the attached firm resume provides details on counsel's extensive experience and past case successes but includes no further details regarding the funding of the litigation. See Barnow Decl. [Doc. No. 25-1].

McMahon's motion states that her proposed interim class counsel's firms have "ample resources to prosecute this litigation, from discovery through motion practice, trial, and appeals." McMahon's Mot. 14 [Doc. No. 26]. Attorney Pizzirusso's firm, Hausfeld LLP, has 170 lawyers world-wide and Attorney Keller's firm, DiCello Levitt, has offices in eight cities and has doubled in size recently. Id. at 15. The attached resumes document the extensive experience of counsel. The McMahon application includes no details as to the funding of the litigation.

In sum, on this factor, the court finds that both the Smith Plaintiffs' motion and McMahon's motion demonstrate that sufficient resources may be available for the litigation, but only the Smith Plaintiffs' motion affirmatively commits to funding the litigation without third-party funding. Smith Pls.' Mot. 17 [Doc. No. 24].

C.  *Additional Considerations*

1. Existing Attorney-Client Relationship with a Named Party

As previously noted, at the start of the litigation, Attorney Martin and Attorney Leviton were counsel of record on two and three complaints, respectively. The Smith Plaintiffs' motion to appoint Martin, Leviton and Coates was submitted on behalf of thirteen Plaintiffs.

Attorney Barnow and Attorney Pastor have an attorney-client relationship only with Plaintiff Calvert. See Calvert's Mot. [Doc. No. 25].

Attorney Pizzirusso, Keller and Haber have an attorney client-relationship only with Plaintiff McMahon. See McMahon's Mot. [Doc. No. 26].

In sum, this factor weighs in favor of the Smith Plaintiffs' proposed class counsel.

2. No Diverse Interests

In some complex litigation, diverse interests exist among the parties, such that separate counsel must be appointed to represent subclasses, or a committee of counsel should be appointed to represent different interests between plaintiffs. See MCL § 21.27. Here, while McMahon's application suggests that the court appoint a committee of counsel and both McMahon's and the Smith Plaintiffs' applications seek appointment of two lead counsel, no application has identified any divergent interests among subclasses necessitating separate class counsel or any reason for more than one interim lead class counsel. Instead, interim class counsel will be obligated to "fairly and adequately represent the interests of the [putative] class[,]" that is, the entire putative class as defined in the anticipated consolidated complaint. Id.

3. Coordination

There does, however, remain a need for coordination of counsel representing individual Plaintiffs. The Smith Plaintiffs' proposed interim class counsel have demonstrated their ability to coordinate efforts in filing the motion to consolidate cases that all Plaintiffs' counsel joined, and

9

their own motion to appoint counsel, which counsel in thirteen of the fifteen cases joined. See Pls.' Mot. to Consolidate [Doc. No. 19]; Smith Pls.' Mot. [Doc. No. 24]. While all of the proposed liaison counsel appear qualified to perform this liaison task, the Smith Plaintiffs' proposed interim liaison counsel, Jason Leviton, already has a direct attorney-client relationship with three of the Plaintiffs, and the support of thirteen. See Smith Pls.' Mot. [Doc. No. 24].

    4. Diversity

McMahon's motion asserts that her proposed counsel "reflect the diversity of the bar and the class." McMahon's Mot. 7 [Doc. No. 26]. The court agrees that "'diversity enhances the quality of the decision-making process and results[,]'" id. at 16 (quoting James F. Humphreys Complex Litig. Ctr., George Wash. Law Sch., Inclusivity and Excellence: Guidelines and Best Practices for Judges Appointing Lawyers to Leadership Positions in MDL and Class-Action Litigation (Mar. 15, 2021)), and acknowledges that women attorneys have not been granted leadership roles at rates similar to those for men, id. The court addresses this disparity in part by appointing Attorney Martin as lead class counsel rather than co-lead class counsel, and by urging her to keep in mind the considerable benefits of diversity of experience, skills, and backgrounds in choosing counsel to perform the work necessary to best represent the class.

    5. Fee / Work protocol

The Smith Plaintiffs' motion states that interim lead counsel "will establish a standardized protocol for managing and reporting time and expenses incurred to prosecute the case as efficiently as possible." Smith Pls.' Mot. 7 [Doc. No. 24]. McMahon's motion provides greater details, including a Proposed Time and Expense Protocol. McMahon's Mot. Ex. E [Doc. No. 26-5]. The court appreciates the specificity of the proposal and will require the appointed interim lead counsel to use such a protocol, but does not find the proposal itself a significant factor for the selection of counsel.

6. Proposed Duties of Interim Class Counsel

Calvert's motion includes a proposed order appointing interim lead counsel and interim liaison counsel. Calvert's Mot. Ex. 3 [Doc. No. 25-3]. Again, the court appreciates the specificity of the proposed order and will include the detailed responsibilities in this order but does not find the proposal itself a significant factor for the selection of counsel.

IV. Conclusion

For the above reasons, the court orders as follows:

A. The court appoints Jean S. Martin as interim lead class counsel to act on behalf of a putative class of all persons residing in the United States whose PII or PHI was impacted by the Data Exposure—including all persons to whom Defendant sent a notice of the Data Exposure. Attorney Martin shall lead the litigation and assure its orderly prosecution, with the following responsibilities:

1. selecting and overseeing interim class counsel (including, where appropriate, the other proposed interim lead class counsel) ("selected interim class counsel") to perform work at her direction on behalf of Plaintiffs and the putative class, taking into consideration their expertise and talents and the considerable benefits of diversity of experience, skills, and backgrounds;

2. supervising selected interim class counsel in preparation, drafting, finalizing, and filing of all pleadings, briefs, motions, and other papers on behalf of plaintiffs and the putative class;

3. supervising selected interim class counsel in initiating, coordinating, and conducting all pretrial discovery for the benefit of plaintiffs and the putative class, including causing the issuance of interrogatories, document requests, requests for admission, subpoenas, and examining witnesses at depositions;

   personally conducting or supervising selected interim class counsel in conducting all settlement negotiations on behalf of plaintiffs and the putative class;

4. acting as the spokesperson for plaintiffs and the putative class at scheduling and status conferences and pretrial proceedings in response to the court's inquiries, subject to any right of individual plaintiffs' counsel to present non-repetitive, individual, or different positions as directed by the court;

5. personally conducting or supervising selected interim class counsel in conducting trial and post-trial proceedings;

6. consulting with and employing consultants and experts as deemed appropriate;

7. negotiating and entering into stipulations with Defendant regarding the litigation;

8. directing the activities of selected interim class counsel to ensure that schedules are met and unnecessary expenditures of time and money are avoided;

9. coordinating and communicating with Defendant's counsel with respect to the matters addressed in this paragraph;

10. interim lead counsel shall prepare a time and expense protocol that she and selected interim class counsel shall follow to manage and control time expended and expenses incurred, shall apprise the court of that protocol and the status of the litigation, and shall allow the court to review work being performed at her direction by submitting quarterly time and expense reports to the court for *in camera* review; and

11. performing such functions as may be expressly authorized by further orders of the court.

B. The court appoints Jason M. Leviton as Interim Liaison Counsel with the responsibilities set forth below:

1. communicate with the court, on behalf of Interim Lead Counsel, concerning scheduling and other administrative matters;

2. receive and distribute to plaintiffs' counsel, as appropriate, Orders, notices, and correspondence from the court, to the extent such documents are not electronically filed; and

3. receive and distribute to plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from Defendant's counsel that are not electronically filed.

C. Plaintiffs shall file a consolidated complaint within thirty (30) days of this order.

IT IS SO ORDERED.

January 25, 2024                                /s/Indira Talwani
                                                United States District Judge