UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT SMITH, on behalf of himself and others similarly situated, | Case No. 1:23-cv-10575-IT |
| Plaintiff, | |
| v. | |
| ZOLL MEDICAL CORPORATION, | |
| Defendant. | |

## [PROPOSED] ORDER DIRECTING CLASS NOTICE AND GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiffs' Unopposed Motion to Direct Class Notice and Grant Preliminary Approval of the Class Action Settlement. Plaintiffs, individually and on behalf of the proposed Settlement Class, and Defendant have entered into a Settlement Agreement that settles the above-captioned litigation. Having considered the motion, the Settlement Agreement together with all exhibits and attachments thereto, the record, and the briefs and oral argument in this matter, **IT IS HEREBY ORDERED** as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

2. The Court has jurisdiction over this litigation, Plaintiffs, Defendant, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

### PRELIMINARY APPROVAL

3. The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declaration of

counsel. Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations conducted with arms-length negotiation between Class Counsel and Defendants' Counsel. The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Settlement Class and fall within the range of possible approval as fair, reasonable, and adequate.

4.      The Court therefore **GRANTS** preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

### PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

5.      Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Settlement Class defined as follows:

> All living persons who reside in the United States and to whom Defendant issued notice of the Data Incident that certain Personal Information was impacted in the Data Incident. The Settlement Class specifically excludes: (i) Defendant and its officers and directors; (ii) all Persons who timely and validly request exclusion from the Settlement Class; and (iii) the Judge assigned to evaluate the fairness of this settlement.

The Court also preliminarily certifies two subclasses:

(1) The SSN Subclass, which includes all Settlement Class Members whose Social Security Numbers were impacted in the Data Incident, as reflected in the Notice of Data Incident sent to such Class Members by Defendant and as identified in a list to be provided to the Settlement Administrator by Defendant. Plaintiffs Patricia McMahon and Evan Weese are the proposed Class Representatives for the SSN Subclass.

(2) The Non-SSN Subclass, which includes all Settlement Class Members whose Social Security Numbers were not impacted in the Data Incident. Plaintiffs John Priddy, Randy McGilberry, Nathaniel Gerth, Gary Becker, Amine M. Bendriss, Barbara Brown, Daivid Pacholczak, and Timothy Jemison are the proposed Class Representatives for the Non-SSN Subclass.

6.      The Court preliminarily finds that for purposes of settlement, the Settlement Class and the subclasses satisfy the requirements of Federal Rule of Civil Procedure 23(a): the

Settlement Class is numerous; there are questions of law or fact common to the Settlement Class; the Settlement Class Representatives' claims are typical of those of Settlement Class Members; and the Settlement Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class.

7.    The Court preliminarily finds that for purposes of settlement, the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3): the questions of law or fact common to the Settlement Class predominate over individual questions, class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy, and Defendant has acted or refused to act on grounds that apply generally to the Settlement Class.

8.    The Court finds that it will likely be able to finally approve the proposed settlement of this class action on the terms set forth in the Settlement Agreement as fair, reasonable, and adequate under Rule 23(e)(2) and to certify the Class for purposes of judgment, subject to further consideration at the Fairness Hearing.

9.    The Court hereby appoints John Priddy, Randy McGilberry, Timothy Jemison, Nathaniel Gerth, Gary Becker, Amine M. Bendriss, Barbara Brown, David Pacholczak, Patricia McMahon, and Evan Weese as Settlement Class Representatives.

10.   The Court hereby appoints Jean S. Martin of Aylstock Witkin Kreis & Overholtz PLC as Class Counsel.

### NOTICE & ADMINISTRATION

11.   The Court appoints EisnerAmper as the Settlement Administrator to fulfill the duties of notice and administration as set forth in the Settlement Agreement.

12.   The Court finds that the Notices and Notice Plan set forth in the Settlement Agreement satisfy the requirements of due process and Federal Rule of Civil Procedure 23 and

3

provide the best notice practicable under the circumstances. The Notices and notice plan are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the scope of the Settlement Class and subclasses, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. The Court therefore approves the Notice and notice plan and directs the parties and the Settlement Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order. The parties may mutually agree and make non-substantive revisions to the Notice forms without further Court approval.

13.     Under the terms of the Settlement Agreement, the Settlement Administrator shall disseminate the notice and implement the notice plan 30 days after the entry of this Order.

## EXCLUSIONS AND OBJECTIONS

14.     Settlement Class Members who wish to opt-out and exclude themselves from the Settlement Class may do so by notifying the Settlement Administrator in writing, postmarked no later than 60 days after the Notice Deadline. To be valid, each request for exclusion must be made in writing, set forth the name of the individual, and request exclusion for that individual.

15.     All Settlement Class Members who do not exclude themselves shall be considered a Settlement Class Member and will bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

16.     No person shall purport to exercise any exclusion rights for any other person, or purport to exclude any other Settlement Class Member as a group, aggregate or class involving more than one Settlement Class Member, or as an agent or representative. Any such purported

exclusion shall be void and the person that is the subject of the purported opt-out shall be treated as a Settlement Class Member and be bound by the Settlement.

17. Settlement Class Members who wish to object to the Settlement may do so by submitting a written objection to Class Counsel and Counsel for Defendant in accordance with the procedures outlined in the Notice no later than 60 days after the Notice Deadline. The objector may also file objections with the Court through the Court's ECF system or by mailing them to the Clerk of Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210; or by filing them in person at any location of the United States District Court for the District of Massachusetts.

18. Any Settlement Class Member who does not timely file a written objection in accordance with these procedures and the procedures detailed in the Notice and Settlement Agreement, shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement and/or the Final Approval Order and Judgment by appeal or other means.

## FINAL APPROVAL HEARING

19. The Court will hold a Final Approval Hearing on _Sept 10, 2026_ at _2:30 PM_ in the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210.

20. At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified; (c) a final judgment should be entered; (d) Class Counsel's motion for attorneys' fees, costs, and expenses should be granted; and (e) the Service Award sought for Settlement Class Representatives should be awarded.

21.    The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Settlement Class Members.

## DEADLINES, INJUNCTIONS, AND TERMINATION

22.    All proceedings, deadlines, and discovery in this matter, except those necessary to implement this Order and the Settlement, are hereby stayed and suspended until further order of the Court.

23.    No discovery with regard to the Settlement shall be permitted as to any of the settling parties, except limited discovery taken by Class Counsel and/or Defendants on any objector consistent with the Federal Rules of Civil Procedure.

24.    Pending final approval of the Settlement, Plaintiffs and Settlement Class Members, and all persons purporting to act on their behalf, are hereby enjoined from commencing, pursuing or prosecuting (either directly, representatively, or in any other capacity) litigation against Defendant and any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

25.    If the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in any Action or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall (i) be admissible into evidence  for any purpose in any Action or other proceeding other than as may be necessary to enforce the terms of

6

the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any party regarding the validity of any Released Claim or the propriety of certifying any class against Defendants, or (iii) be deemed an admission or concession by any- party regarding the truth or falsity of any facts alleged in the Action or the availability or lack of availability of any defense to the Released Claims.

26.    The dates of performance contained herein may be extended by order of the Court," for good cause shown, without further notice to the Settlement Class.

## SUMMARY OF DEADLINES

27.    The preliminarily approved Settlement Agreement shall be administered according to its terms pending the Final Approval Hearing.    Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

| Event | Time for Compliance |
| --- | --- |
| Defendant provides list of Class Members to the Settlement Administrator | 10 days after the Order Granting Preliminary Approval |
| Notice Date | 30 days after the Order Granting Preliminary Approval |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | 14 days before the Objection and Opt-Out Deadlines |
| Objection Deadline | 90 days after the Order Granting Preliminary Approval (60 days after the Notice Date) |
| Opt-Out Deadline | 90 days after the Order Granting Preliminary Approval (60 days after the Notice Date) |
| Settlement Administrator Provides List of Objections/Exclusions to the Parties' counsel | 10 days after the Objection and Opt-Out Deadlines |
| Claims Deadline | 120 days after the Order Granting Preliminary Approval (90 days after the Notice Date) |
| | |
| **Final Approval Hearing** | _Sept. 10_, 2026 (no earlier than 100 days the Preliminary Approval Order) |

| Motion for Final Approval | 14 days before the Final Approval Hearing |
|---|---|
|  |  |
| **From Order Granting Final Approval** |  |
| Effective Date | +30 days, assuming no appeal has been taken. See definition of Final in the Agreement. |
| Payment of Class Representative Service Awards and Payment of Attorneys' Fees and Expenses | +21 days after the Effective Date |
| Payment of Claims to Class Members | +30 days after the Effective Date |
| Settlement Website Deactivation | +90 days after the Effective Date |

**IT IS SO ORDERED.**

Dated: _May 5_, 2026

_____
The Honorable Indira Talwani
U.S. District Judge

8